IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:10CR431 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JEFFREY BROCKMEIER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objection, Filing No. 41, to the Findings and Recommendation ("F&R") of the magistrate judge.  See Filing No. 38, Findings, Recommendation and Order; Filing No. 40, Transcript ("Tr.") at 17-23.  The magistrate judge recommends denying the defendant's motion to suppress, Filing No. 25, and defendant's motion to dismiss, Filing No. 27.  The defendant is charged with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a).  Filing No. 17, Indictment.  Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the F&R to which the defendant objects.  *United States v. Lothridge,* 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the record, including the transcript, and the relevant law and concludes that it will adopt the findings and recommendations of the magistrate judge.

The State of Nebraska convicted defendant of sexual assault for assaulting his biological daughter.  The court sentenced defendant to one year in jail.  Consequently, defendant was required to register as a sex offender.  Following his release from jail, defendant lived in Iowa where he failed to register as a sex offender.  This failure resulted in a misdemeanor charge followed by a later felony charge in Iowa.  Defendant then moved to Nebraska. He registered as a sex offender in Nebraska.  Defendant then moved to Iowa without informing Nebraska of the change of address.  Two years later defendant was arrested by the Des Moines Police Department for failure to register as a sex offender and

was sentenced to confinement at the Newton Correctional Facility in Iowa. Upon release, defendant told the Iowa correctional personnel that he would be living at the Sienna Francis House in Omaha, Nebraska. Defendant returned to Omaha, Nebraska, but began residing at a different location. On November 15, 2010, the Nebraska State Patrol arrested defendant for failure to register as a sex offender and booked him into the Sarpy County Jail. Thereafter, Marshal Mayo and TFO Mary Synewiecki came to the Sarpy County Jail, read defendant his *Miranda* rights, received a written waiver of rights from the defendant, and then interviewed him. Defendant made statements to Marshal Mayo that he now wants to suppress.

## DISCUSSION

### *Motion to Dismiss*

Defendant contends that this court should dismiss the charges against him, as the Sex Offender Registration and Notification Act ("SORNA") violates the Commerce Clause, violates the principles of non-delegation, violates the Administrative Procedures Act, violates the Ex Post Facto Clause, violates his due process rights, and violates the Tenth Amendment to the United States Constitution. The government argues, and the magistrate judge agrees, that these issues have been thoroughly discussed and decided by the Eighth Circuit. *See United States v. Waddle*, 612 F.3d 1027 (8th Cir. 2010); *United States v. May*, 535 F.3d 912 (8th Cir. 2008); *United States v. Zuniga*, 579 F.3d 845 (8th Cir. 2009); *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009); *United States v. Hacker*, 565 F.3d 522 (8th Cir. 2009). The Eighth Circuit found that each of these claims lack merit. Defense counsel admits that the Eighth Circuit has ruled on all of these issues with uniformity, but wants to preserve them for en banc and Supreme Court review.[1] The court finds that the magistrate judge's F&R should be adopted in all respects, based on the Eighth Circuit cases already deciding these issues.

---

[1] Defendant notes, however, that certiorari has been granted on these issues in *United States v. Reynolds,* 2010 WL 1936261 (3d Cir. 2010), *cert. granted* (U.S. Jan. 24, 2011) (No. 10-6549).

*Motion to Suppress*

Defendant argues that his statements made in the Sarpy County Jail should be suppressed. He contends there was no valid *Miranda* waiver. The court agrees with the magistrate judge that this argument is without merit. It is clear that Marshal Mayo advised defendant of his *Miranda* rights and that defendant signed the waiver of rights form. See *Miranda v. Arizona*, 384 U.S. 436 (1966). There is no evidence that this waiver was anything other than voluntary. See *Brown v. Mississippi*, 297 U.S. 278 (1936 ). There is no evidence of a threat, promise , inducement, duress or coercion. The court agrees with the analysis of the magistrate judge and adopts his F&R in this regard.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 27, is denied;

2. Defendant's motion to suppress, Filing No. 25, is denied;

3. The objections of the defendant, Filing No. 41, are overruled;

4. The F&R, Filing No. 38 and Filing No. 40, is adopted in its entirety.

DATED this 15th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.